INHABITANTS OF STRONG *vs.* INHABITANTS OF FARMINGTON.

Franklin.   Opinion June 19, 1882.

*Insane paupers.   Settlement.*

A *non compos* or insane person is incapable of acquiring a pauper settlement in his own right.

Such a person who lived continuously in his father's family until the age of forty-eight years, was then sent to the insane hospital; *Held,* That he followed the residence of his father acquired while the pauper was an inmate of the hospital.

ON REPORT, the law court to render such judgment as the testimony, legally admissible, and the law require.

Assumpsit for pauper supplies.  The writ was dated February 1, 1878.   Plea, general issue.   The opinion states the material facts.   The case showed that the pauper was placed under guardianship in 1849, and his estate was then appraised at five hundred ninety-seven dollars and thirty-four cents.

*Philip H. Stubbs,* for the plaintiffs, cited: R. S., 1857, c. 24, § 1; *Upton* v. *Northbridge,* 15 Mass. 237 ; *Springfield* v. *Wilbraham,* 4 Mass. 496 ; *Wiscasset* v. *Waldoborough,* 3 Maine, 388 ; *Monroe* v. *Jackson,* 55 Maine, 55 ; *Sumner* v. *Sebec,* 3 Maine, 223 ; *Hovey* v. *Harmon,* 49 Maine, 269 ; *Oldtown* v. *Falmouth,* 40 Maine, 106 ; *Fayette* v. *Leeds,* 10 Maine, 409 ; 2 Dane's Abr. c. 53, art. 1, § § 9–11.

*S. Clifford Belcher,* for the defendants.

I. The pauper became of age in 1839.   He takes the settlement his father then had unless he has since gained one for himself.

II. He was not *non compos e nativitate.*   The case shows that in 1849, when he was put under guardianship, he had accumulated six or seven hundred dollars.   From that time till 1862, when he was sent to the insane hospital, his guardian had the custody of his person though he remained at his father's.

III. He certainly did not continue to be a member of his father's family after he was received into the insane hospital.

He was not dependent on his father pecuniarily; he was not subject to his control; he neither needed nor received his counsel or advice.

Years subsequent to this date, his father moved to Farmington, and it is the theory of the plaintiff that this insane man continued to reside in his father's family, and hence by derivation gained a settlement in Farmington. The doctrine of derivative settlement cannot be carried to this length.

APPLETON, C. J. This is an action to recover the amount paid for the support of Peter Haines, Junior, in the insane hospital.

It is conceded that the father of the pauper had his settlement in the defendant town. The question presented for determination is whether the settlement of the son accompanies that of the father.

The pauper was born in Phillips, in 1818, and lived continuously in his father's family until 1862, when he was sent as an insane pauper by the municipal officers of Strong (of which town his father was then a resident) to the insane hospital, where he has remained to the present time. Subsequently to the pauper's removal to the hospital, the father acquired a settlement in Farmington.

The pauper was a person of weak mind, of filthy and disgusting habits, careless of his personal appearance, able to labor, but requiring for successful labor, supervision. He lived continuously with his father and in his family till he was sent to the insane hospital.

The plaintiffs claim to recover on the ground that the pauper was *non compos* or insane, and incapable of acquiring a settlement in his own right, and that his settlement followed that of his father, with whom he resided until he was sent to the hospital. *Wiscasset* v. *Waldoborough*, 3 Maine, 388; *Monroe* v. *Jackson*, 55 Maine, 55.

It is not pretended that the settlement of the pauper is in the plaintiff town. The father's settlement is in Farmington. The pauper is shown to have been and to be idiotic and incapable of

gaining a settlement in his own right. His settlement, therefore, follows that of the father, and is in the defendant town.

*Defendants defaulted.*

WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.